IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                             3:04cr5/MCR
                                                3:07cv264/MCR/MD
LARRY DION HAMMOND

### REPORT AND RECOMMENDATION

This cause is before the court upon defendant's motion for relief from documents 188, 189 and 190 (doc. 191) and motion for extension of time to file. (Doc. 192). Defendant filed a § 2255 motion that was docketed on June 21, 2007. (Doc. 187). The court entered an order directing him to file an amended motion, not because of substantive errors or omissions, but because he had failed to properly fill out the § 2255 form in accordance with the Local Rules. (Doc. 188). Thus, when defendant moved to voluntarily dismiss his motion so he could refile it (doc. 189), the court denied the motion, noting that he had only been directed to correct technical deficiencies and had been afforded time in which to do this. (Doc. 190). Defendant now moves for relief from this order, indicating his belief that his initial motion was a "bare bone" motion filed by an inadequate "jailhouse lawyer" who has since been transferred to another institution, and again expressing a desire that his motion be dismissed so that he can refile an "adequately presentable" motion.

Accordingly, it is respectfully RECOMMENDED:

That defendant's renewed motion to dismiss his § 2255 motion (doc. 191) be granted and that his motion for extension of time (doc. 192) be denied as moot.

At Pensacola, Florida, this 31st day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**